UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TIMMY WALLACE,

                              Petitioner,                          15-cr-794 (PKC)
                                                                   20-cv-7134 (PKC)

              -against-                                            OPINION AND ORDER


UNITED STATES OF AMERICA

                              Respondent.
------------------------------------------------------------x

CASTEL, U.S.D.J.

              Petitioner Tim Wallace, who is proceeding on his own behalf, moves pursuant to

28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  He asserts that the Supreme

Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), voids his conviction because

the indictment failed to allege his knowledge of the fact that he was a previously convicted felon,

and the government failed to prove this element at trial.  Wallace also asserts that his trial and

appellate counsel were both constitutionally ineffective for not raising these claims among

others, violating his Sixth Amendment rights.  Lastly, he claims that the trial judge erred in

precluding him from arguing that he was innocent of being in possession of the firearm.  For the

reasons explained herein, Wallace's petition will be denied.


BACKGROUND

              On September 13, 2016, a jury convicted Wallace of one count of being a felon in

possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g).  (Doc 118.)  The

conviction stemmed from a May 25, 2015 traffic stop where Wallace was arrested and a

subsequent search of his vehicle that revealed a loaded firearm stashed under the hood.  United

States v. Wallace, No. 15-cr-794, 2016 WL 4367961, at *5 (S.D.N.Y. August 11, 2016) (Forrest, J). On February 10, 2017, he was sentenced by then District Judge Forrest to a mandatory minimum term of imprisonment of 15 years under the Armed Career Criminal Act. (Doc 169.) See 18 U.S.C. § 924(e). Wallace appealed his conviction, arguing that the traffic stop leading to his arrest was unlawfully prolonged. On November 27, 2019, the Second Circuit affirmed his conviction. (Doc 178.) His petitions for a writ of certiorari and a subsequent rehearing of that petition were denied by the Supreme Court of the United States on March 23, 2020 and May 18, 2020 respectively. Wallace v. United States, 19-7716, 140 S. Ct 2551 (2020); Wallace v. United States, 19-7716, 140 S. Ct 2799 (2020).

LEGAL STANDARD

A person in federal custody may collaterally attack a final judgment in a criminal case based on "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in complete miscarriage of justice.' " Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (citation omitted). "[A] defendant is barred from collaterally challenging a conviction under [section] 2255 on a ground that he failed to raise on direct appeal. . . An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence." United States v. Thom, 659 F.3d 227, 231 (2d Cir. 2011) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). When a petitioner attempts to establish "cause" by asserting ineffective assistance of counsel, courts apply the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984). See Sapia v. United States, 433 F.3d 212, 218 (2d Cir. 2005).

PROCEDURAL DEFAULT

The government first argues that Wallace cannot raise his <u>Rehaif</u> argument because he failed to raise it on direct appeal, and therefore procedurally defaulted.  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.' "  <u>Bousley</u>, 523 U.S. at 622.  Here, Wallace did not raise this claim on his direct appeal, and even if he could demonstrate cause, he cannot demonstrate prejudice.[1]

In order to satisfy the "cause" requirement to avoid procedural default, the claim must be "so novel that its legal basis is not reasonably available to counsel."  <u>Reed v. Ross</u>, 468 U.S. 1, 16 (1984).  As the government notes, it will not suffice if the claim is only "unacceptable to that particular court at that particular time."  <u>Gupta v. United States</u>, 913 F.3d 81, 84 (2d Cir. 2019).  Even though Wallace was sentenced on February 10, 2017 and <u>Rehaif</u> was not decided until June 21, 2019, there remains significant doubt whether he can meet the "cause" requirement.  "[B]efore the Supreme Court decided <u>Rehaif</u>, 'the Federal Reporters were replete with cases deciding its central issue.' "  <u>Harrison v. United States</u>, No. 07-cr-757, 2020 WL 4481937, at *4 (E.D.N.Y. Aug. 4, 2020) (quoting <u>Bousley</u>, 523 U.S. at 622);  <u>see also</u> <u>United States v. Mendez</u>, No. 16-cr-584 (VM), 2020 WL 5758750, at *2 (S.D.N.Y. September 25, 2020); (finding that a <u>Rehaif</u> claim fails the cause requirement on these grounds).  Because the Court finds that the prejudice requirement cannot be satisfied, the Court declines to decide

---

[1] An indictment's failure to allege a defendant's knowledge of his own status is not a defect that deprives a district court of subject matter jurisdiction.  <u>See</u> <u>United States v. Balde</u>, 943 F.3d 73, 87–94 (2d Cir. 2019) (indictment's "failure to allege in explicit terms that defendant" was an alien who was "illegally or unlawfully in the United States, and therefore prohibited from possessing a gun" was not a jurisdictional defect.).

whether Petitioner's <u>Rehaif</u> argument can satisfy the "cause" prong to overcome a procedural default.  <u>See</u> <u>Whitley v. United States</u>, No. 04-cr-1381 (NRB), 2020 WL 1940897, at *6 (S.D.N.Y. April 22, 2020); <u>Jones v. United States</u>, No. 17-cr-770 (LGS), 2020 WL 4887025, at *2 (S.D.N.Y. Aug. 19, 2020) (both doing the same).

       Wallace has failed to demonstrate prejudice.  In order to demonstrate prejudice, "[t]he habeas petitioner must show not merely that the errors. . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  <u>Murray v. Carrier</u>, 477 U.S. 478, 494, (1986) (quoting <u>United States v. Frady</u>, 456 U.S. 152, 170 (1982) (emphasis in original)).  Wallace argues that his conviction should be vacated because his indictment was defective in not alleging his knowledge of his restricted status, and the government failed to prove this element at trial.  But there is no doubt that he knew of his prior-felon status.

       As the presentence report reveals, Wallace had *three* prior felony convictions at the time of his arrest.  (Doc 142 ("PSR").)  In 2002, he was sentenced to six to twelve years imprisonment for a state narcotics conviction.  (PSR at ¶ 41.)  In 2002 he was also sentenced to 77 months' imprisonment for being a felon in possession of a firearm—the same offense at issue on the present motion.  (PSR at ¶ 42.)  And in 2010, he was sentenced to three to six years in prison for another state narcotics conviction.  (PSR at ¶ 43.)  He has received and served multiple sentences of longer than one year in prison.  This is fatal to his contention that he may have been unaware of his restricted status.  <u>See</u> <u>Mendez</u>, 2020 WL 5758750, at *2; <u>Jones</u>, 2020 WL 4887025, at *3; <u>Whitley</u>, 2020 WL 1940897, at *6 (holding the same).  At trial, defendant stipulated to the fact that he had been "convicted in a court of a crime punishable by imprisonment for a term exceeding one year."  (Doc 202 – Ex. A.)  The lengthy criminal history

and stipulation "removes any doubt that [defendant] was unaware of his membership in §

922(g)(1)'s class."  United States v. Miller, 954 F.3d 551, 560 (2d Cir. 2020).

      Wallace's claim that the trial judge erred in precluding him from arguing that the

government failed to prove that he in fact possessed the firearm also fails to satisfy the threshold

requirements of "cause" and prejudice.  He appears to take issue with the manner in which the

district judge limited the cross-examination of the government's DNA expert.  (Doc 205 at 26;

Doc 205 – Ex. 10.)  But these arguments, raised for the first time on this section 2255 motion,

are based on his Fifth and Sixth Amendment rights, and were undoubtedly available to him at the

time of trial and in his post-trial motions and appeals.  Nor do these arguments satisfy the

prejudice threshold.  To the extent that there was any error at all, the trial record indicates that

Wallace's attorneys still were able to cross-examine the DNA witness on the transfer of DNA to

the firearm, and the presence of several other prints on the firearm.  (Doc 205 – Ex. 5.)  There

remains the uncontested fact that the vehicle where the firearm was found was registered in

Wallace's name.  Wallace's attorneys were free to argue throughout the trial that he was innocent

of the charge, and they did so.  To the extent that the district judge limited Wallace's cross-

examination of the DNA witness, it was not a "fundamental defect which inherently results in a

complete miscarriage of justice."  Graziano, 83 F.3d at 590 (citation omitted).

INEFFECTIVE ASSISTANCE OF COUNSEL

      Wallace's remaining arguments are that both his trial and appellate counsel were

constitutionally ineffective.  On a claim of ineffective assistance of counsel in violation of the

Sixth Amendment, a defendant must first overcome a presumption of effective representation by

presenting evidence that counsel's performance fell below an objective standard of

reasonableness based on prevailing professional norms.  Strickland, 466 U.S. at 688–90.

Second, the defendant must prove prejudice by showing a reasonable probability that, but for counsel's performance, the result of the case would have been different.  Id. at 693–94.  It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome.  Id. at 693.  Instead, the defendant must show "a probability sufficient to undermine confidence in the outcome" of the case.  Id. at 694.  Wallace fails to show that his counsel's conduct fell below an objective standard of reasonableness, both at trial and on appeal.  Even if he had made such a showing, he has not proven any prejudice.  It follows that his ineffective assistance of counsel claims fail.

> A.  Trial counsel was not constitutionally ineffective.

Wallace argues that his trial counsel was ineffective for several reasons.  He contends that his counsel should have sought an expert DNA witness of his own, should have questioned the technician that did the actual DNA swabbing on the firearm, should not have stipulated to several key facts, and should not have admitted to the jury that certain facts were not contested.

That Wallace's attorneys agreed to stipulations with the government about key facts is not a valid basis for a Strickland claim.  First of all, to the extent this claim "challenges the merits of his trial counsel's decision to agree to stipulations, his claim is procedurally barred because he was represented by new counsel on direct appeal and this claim can be evaluated solely on the record."  United States v. Amos, 216 F.3d 1073 (2d Cir. 2000).  If Wallace is claiming that he did not consent to the stipulations, such a claim "requires evidentiary support beyond the record" that he has not provided.  Id.

There is also no indication that these stipulations, or the acknowledgement to the jury that certain facts were not contested, were objectively unreasonable decisions, or that they prejudiced Wallace in any way.  Agreeing to a stipulation in lieu of requiring the government to prove an unassailable fact is a sound strategic decision that may bolster credibility with the jury and keep it focused on more significant issues.  In this case, merely having a stipulation read to the jury that states that Wallace was a prior felon was far better for him than having the government introduce evidence of his prior felonies, one of which was the very same crime for which he was on trial.  "Actions or omissions that 'might be considered sound trial strategy' do not constitute ineffective assistance."  United States v. Berkovich, 168 F.3d 64, 67 (2d Cir. 1999) (quoting Strickland, 466 U.S. at 689).

Wallace's contentions regarding the government's DNA witness fail as well.  At trial, the government called a witness from the New York City Office of the Chief Medical Examiner who testified that Wallace's DNA was found on the firearm in question.  Neither the decision to not seek an expert witness to rebut this witness, nor the decision to not call the individual who did the actual swabbing, qualifies as ineffective assistance of counsel.  Wallace has offered no cogent argument or evidence that an additional witness would have benefited him. In fact, cross-examination of the government's witness appears to have been quite effective—it elicited the fact that the DNA of at least three individuals was found on the firearm, and that the witness was not sure who took the actual DNA sample, or specifically where on the firearm it came from.  (Doc 127 (Tr.) at 197–99, 207–210.)  After eliciting these details, calling the actual DNA swabber might have worked against Wallace, had that witness explained to the jury that he or she had followed every protocol, and that the DNA swab was one-hundred percent reliable.

These decisions made by trial counsel are by no means objectively unreasonable, nor did they prejudice Wallace's defense.

      B.  <u>Appellate counsel was not constitutionally ineffective.</u>

      Wallace argues that his appellate counsel was ineffective on three grounds: (1) not appealing the district judge's limiting of his defense; (2) failing to amend the appeal brief to raise the <u>Rehaif</u> argument; and (3) not raising the proper questions in the certiorari petition. Ineffective assistance of appellate counsel is also measured under the <u>Strickland</u> test. <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000). In this context, appellate counsel is similarly entitled to make strategic decisions. For example, appellate counsel "need not (and should not) raise every nonfrivolous claim" on appeal. <u>Id.</u> at 288; <u>Jones v. Barnes</u>, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments."). As a matter of strategy, appellate counsel "may select from among [possible claims] in order to maximize the likelihood of success on appeal." <u>Robbins</u>, 528 U.S. at 288 (quoting <u>Gray v. Greer</u>, 800 F.2d 644, 646 (7th Cir. 1986) ) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.").

      With respect to the first two grounds, the Court holds that appellate counsel's performance was not deficient and thus need not reach the question of prejudice. Wallace has not overcome the "strong presumption" that appellate counsel acted within the "wide range of reasonable professional assistance." <u>Strickland</u>, 466 U.S. at 688-90. Appellate counsel intelligently and capably raised numerous nonfrivolous issues on direct appeal, most notably that the traffic stop leading to Wallace's arrest was unlawfully prolonged. The issues he now argues should have been raised are not "clearly stronger" than the claims raised, and as discussed above, are in all likelihood not meritorious. Appellate counsel was free to strategically choose among

viable claims in order to maximize the likelihood of success, which appears to be exactly what they did in telling Wallace that the Fourth Amendment issue was the best one to raise on appeal.

        With respect to Wallace's certiorari petition, the Court need not decide if counsel was ineffective, as the Supreme Court "has not found the right [to counsel] to exist with respect to certiorari review[.]"  United States v. Pena, 534 F.3d 92, 94-95 (2d Cir. 2008).  Because of this, "there is no corresponding right to the effective assistance of counsel for such appeals."  Id. On this ground, the petition is denied.

CONCLUSION

        The Court has considered the balance of Wallace's arguments and finds them to be without merit.  His motion to vacate, set aside or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255 is DENIED.  The Clerk is directed to enter judgment for the United States, terminate the motion (Cr. Doc 195; Civ. Doc 1), and close the case (20-cv-7134).  The government is directed to mail copies of all unreported decisions to Wallace.

        Wallace has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  28 U.S.C. § 2253; see Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        January 5, 2021