UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TIMMY WALLACE,

                Petitioner,                  15-cr-794 (PKC)
                                                                 20-cv-7134 (PKC)

         -against-                                    OPINION AND ORDER

UNITED STATES OF AMERICA

                Respondent.
-----------------------------------------------------------x
CASTEL, U.S.D.J.

        In an Opinion and Order of January 5, 2021 (the "January 5 Order"), the Court denied petitioner Tim Wallace's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Civ. Doc 14; Crim. Doc 207.) Now, petitioner moves for the Court to reconsider that denial, asserting that the January 5 Order relied on a misunderstanding of his claims, as well as clearly erroneous findings of fact.

MOTION FOR RECONSIDERATION STANDARD

        The standards for motion for reconsideration under Local Rule 6.3 and altering or amending a judgment under Rule 59(e), Fed. R. Civ. P, are "identical." Burke v. Solomon Acosta & FASCore/Great W. & MTA/NYC Transit Auth., 07 cv 9933 (PKC), 2009 WL 10696111, at *1 (S.D.N.Y. Apr. 23, 2009), aff'd sub nom. Burke v. Acosta, 377 F. App'x 52 (2d Cir. 2010) (citation omitted).[1] Motions for reconsideration are held to strict standards, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be

---

[1] A motion to reconsider must be filed within 14 days of the order for which reconsideration is sought. (Local Rule 6.3.) The motion was filed well beyond this deadline. Nevertheless, in view of the defendant's pro se status, the Court will consider the merits of the motion.

*Mailed to Mr. Wallace on 7/29/2021*

expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  Motions for reconsideration are not vehicles for the moving party to relitigate an issue the Court already decided. Cordero v. Astrue, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008); see also Shrader, 70 F.3d at 257.

A motion for reconsideration may be granted based upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); see also NEM Re Receivables, LLC v. Fortress Re, Inc., 187 F. Supp. 3d 390, 396-97 (S.D.N.Y. 2016) (analyzing a motion for reconsideration under Rule 59(e), Fed. R. Civ. P., and Local Rule 6.3 under these three grounds).  Petitioner argues that the motion should be granted based on the need to correct a clear error or prevent manifest injustice.

DISCUSSION

    A.   Procedural Default

In the January 5 Order, the Court found that Wallace had procedurally defaulted on his argument that his conviction should be overturned in light of the Supreme Court's ruling in Rehaif v. United States, 139 S. Ct. 2191 (2019).  "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' . . . or that he is 'actually innocent.' " Bousley v United States, 523 U.S. 614, 622 (1998).  The Court assumed, for the sake of argument, that the cause prong might be satisfied, but found that Wallace had not demonstrated prejudice.  Wallace's motion for reconsideration argues that, in holding that he had not demonstrated prejudice, the Court misunderstood the issues he raised and engaged in

2

"counterfactual inquiries" and impermissible speculation. This is incorrect. Rather, the Court analyzed the arguments he raised to deduce whether the asserted errors "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494, (1986) (quoting United States v. Frady, 456 U.S. 152, 170 (1982) (emphasis in original)). They did not. Nothing in petitioner's motion for reconsideration presents reason to conclude differently.

Wallace argues that he was convicted for an "unindicted crime" because the indictment omitted his knowledge of his convicted felon status, and the Court did not instruct the jury that it must find that he knew he was prohibited from possessing a firearm. Neither contention changes the outcome of the January 5 Order. First, as the Second Circuit has held, "the standard for the sufficiency of an indictment is not demanding . . . an indictment must do 'little more than . . . track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.' " United States v. Balde, 943 F.3d 73, 89 (2d Cir. 2019) (quoting United States v. Stringer, 730 F.3d 120, 124 (2d Cir. 2013)). Wallace's indictment meets this requirement, tracking the language of 18 U.S.C. § 922(g)(1) (Doc 28).

Second, as the January 5 Order sets out, Wallace had three prior felony convictions. On July 10, 2002, he was sentenced to seventy-seven months in prison for a violation of 18 U.S.C. § 922(g) (the same offense that he was again convicted for in 2016, and currently collaterally attacks). (Presentence Report ("PSR") at ¶ 42.) On September 20, 2002, he was sentenced to six to twelve years in prison for a state narcotics conviction. (PSR at ¶ 41.) On June 30, 2010, he was sentenced to six years in prison for another state narcotics conviction. (PSR at ¶ 43.) Wallace served more than one year in prison for each of these convictions. Not one of these sentences had a range of under one year in prison. With this decorated criminal

history, "there is no reason to believe that when [Wallace] possessed a firearm . . . [he] did not know that he had been convicted of a crime punishable for a term exceeding one year." United States v. Austin, No. 08-cv-6765, 2021 WL 2709136, at *4 (S.D.N.Y. July 1, 2021) (Rakoff, J).

Lastly, Wallace stipulated to having been "convicted in court of a crime punishable by imprisonment for a term exceeding one year." (Doc 202 – Ex. A.)  This "stipulation of fact conclusively prove[s] that [he] knew of [his] status." United States v. Willis, _ F.4th _, 2021 WL 3009157, at *10 (2d Cir. July 16, 2021).  "Most defendants charged with violations of § 922(g)(1) avail themselves of Old Chief v. United States, 519 U.S. 172 (1997) in order to keep the nature and details of their prior felony convictions from the jury." United States v. Miller, 954 F.3d 551, 559 n.23 (2d Cir. 2020).  For this reason, it is likely that "had the Rehaif issue been foreseen by the district court, [Wallace] would have stipulated to knowledge of his felon status to prevent the jury from hearing evidence of his actual sentence." Id. at 560 (denying a direct appeal on Rehaif grounds finding that upholding the conviction would not "seriously affect the fairness, integrity, or public reputation of judicial proceedings."). Accordingly, Wallace has not shown the requisite level of prejudice for relief under 28 U.S.C. § 2255.

To avoid any doubt on the subject, this Court need not rely on Willis or Miller to reach the conclusion that Wallace has not demonstrated prejudice.  As the Court has already described, in 2002, Wallace entered a plea of guilty to the crime of being a felon in possession of a firearm.  (PSR at ¶ 42.)  This necessarily means that he knew then, and knew at the time of the instant felon in possession offense, that he had been previously convicted of a crime punishable by more than one year, i.e., the predicate crime for the 2002 conviction.

B.  Ineffective Assistance of Trial Counsel

Wallace next argues that the Court has misunderstood the reasons he raised for why his trial counsel was constitutionally ineffective. In his motion for reconsideration, he lists four reasons: (1) that his counsel failed to seek an expert DNA witness; (2) that his counsel failed to call the DNA swabbing technician as a witness; (3) that his counsel failed to consult with him before stipulating to several facts; and (4) that his counsel conceded certain elements of the charged crime. (Pet. Mem. at 17.) These are substantially the reasons that the Court articulated as the basis of Wallace's ineffective assistance argument in the January 5 Order. (See January 5 Order at 6.)

For the reasons already stated in the January 5 Order, Wallace's arguments fail. He has not shown that his trial counsel's performance fell below an objective standard of reasonableness, nor that, but for this performance, the result of his trial would have been different. Wallace asserts that additional witnesses should have been called, but does not offer any reason to believe that these added witnesses would have benefitted him. In fact, at trial, Wallace expressed to the Court his dissatisfaction with his lawyer's decision to not call a DNA expert. His lawyer informed the Court that "I think that we'd be on very shaky ground trying to suggest absolutely that the DNA on the gun was not Mr. Wallace's . . . it could potentially open up the door to the proffer [statements made to the government.]" (Trial Tr. at 25-26.) In other words, Wallace's defense team chose to not call a DNA expert of their own because the argument was weak, and would potentially allow the government to introduce contradictory statements by Wallace from a proffer session. This is a perfectly sound strategic decision.

To the extent that Wallace claims that he did not consent to certain stipulations made by his trial counsel, the claim "requires evidentiary support beyond the record" that he has

not provided. United States v. Amos, 216 F.3d 1073, 1073 (2d Cir. 2000). At trial, Wallace did object to his lawyer's representation of him, asserting that he did not consent to certain stipulations and wanted his lawyer to object to particular testimony. The presiding judge, Judge Forrest, rejected his argument, explaining to him that his attorneys "have been in fact very effective on your behalf in this trial . . . they have done a very able job . . . You are very lucky to have these two gentlemen defending you in this case." (Trial Tr. at 159.) His attorneys also stated to the Court that they "went over this at length . . . I went over it with Mr. Wallace. I went over it with [co-counsel] . . . We talked at length on this last night as well as this morning." (Trial Tr. at 165.) There is also no indication any stipulations that were made were objectively unreasonable decisions. The government had a strong case; stipulating to certain aspects of it, such as Wallace's prior convictions, served sound strategic purposes, including bolstering the credibility of the defense arguments in front of a jury and preventing the jury from hearing the particulars of his prior crimes.

C. Ineffective Assistance of Appellate Counsel

Wallace argues that the Court should reconsider his ineffective assistance of appellate counsel claim. His arguments are the same, and he has not identified any misconstrued fact or error from the January 5 Order. For reasons explained in that Order, the Court denies the motion. Wallace's appellate counsel was free to "select from among [possible claims] in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000). The Rahaif argument is not notably stronger than the issues raised on his appeal. See, e.g., Willis, 2021 WL 3009157, at *10; United States v. McCoy, 995 F.3d 32, 60 (2d Cir. 2021); Miller, 954 F.3d at 559 (denying appeals raising Rehaif). Appellate counsel acted within the

6

"wide range of reasonably professional assistance" when he chose to appeal the conviction on grounds other than Rehaif. Strickland v. Washington, 466 U.S. 668, 688–90 (1984).

CONCLUSION

For the reasons stated above, the Court denies Wallace's motion to reconsider the January 5 Order. The Clerk is directed to terminate the motion (Civ. Doc 16; Crim. Doc. 208).

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 29, 2021